IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 06 c 1481<br>)<br>) HONORABLE DAVID H. COAR |
| THYSSENKRUPP ELEVATOR CORPORATION, THYSSENKRUPP ELEVATOR MANUFACTURING INC., COMPUTERIZED ELEVATOR CONTROL CORPORATION, MAINCO ELEVATOR & ELECTRICAL CORPORATION, and NEW YORK ELEVATOR & ELECTRICAL CORPORATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Plaintiffs' motion for summary judgment against Defendants on Counts V and VII. For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.     FACTS**

Plaintiffs are engaged in the business of selling and providing property and casualty insurance to their clients. Plaintiffs are affiliated corporations that conduct business under the "CNA" service mark. Defendants are affiliated corporations that are engaged in the business of

selling and/or manufacturing elevators and providing elevator maintenance services.

Plaintiffs issued programs of insurance to Defendants for five consecutive policy periods, and Defendants accepted each of these insurance programs, including commercial automobile policies. The deductible for the commercial automobile policies (with a deductible layer that Plaintiffs issued to Defendants in connection with the 1997, 1998, and 1999 insurance programs) was $100,000 per occurrence. There was no deductible endorsement in the 2000 and 2001 insurance policies.

Plaintiffs and Defendants entered into an agreement for an insurance program covering the period from October 1, 2000 to October 1, 2001. Among the policies Plaintiffs issued to Defendants in 2000 were commercial automobile policies BUA 196030259 and BUA 1960030262 (the "2000 Automobile Policies"). Plaintiffs and Defendants also entered into a finance agreement for the 2000 insurance program, entitled "Finance Agreement – Paid Loss Retro and All Deductible" ("2000 Finance Agreement"), which addressed the 2000 insurance program. The 2000 Automobile Policies are listed in Schedule A to the 2000 Finance Agreement. The 2000 Automobile Policies are the only automobile policies listed in Schedule A to the 2000 Finance Agreement.

Similarly, Plaintiffs and Defendants entered into an agreement for an insurance program covering the period from October 1, 2001 to October 1, 2002. Among the policies Plaintiffs issued to Defendants in 2001 were commercial automobile policies BUA 247898223 and BUA 247898545 (the "2001 Automobile Policies"). Plaintiffs and Defendants also entered into a finance agreement for the 2001 insurance program, entitled "Finance Agreement – Paid Loss Retro and All Deductible" ("2001 Finance Agreement"), which addressed the 2001 insurance

program. The 2001 Automobile Policies are listed in Schedule A to the 2001 Finance Agreement. The 2001 Automobile Policies are the only automobile policies listed in Schedule A to the 2001 Finance Agreement.

In their complaint, filed March 16, 2006, Plaintiffs demanded that Defendants reimburse them for the amounts Plaintiffs paid for claims, damages and expenses within the $100,000 per occurrence deductible under the 1998, 2000 and 2001 Automobile Policies. Plaintiffs now move for summary judgment on Counts V and VII, asking the court to declare that (1) the 2000 and 2001 Automobile Policies are deductible policies and (2) the deductible for the 2000 and 2001 Automobile Policies is $100,000 per occurrence.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits, show there is no genuine issue of fact. Such a showing entitles the moving party to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 720 (7th Cir. 2004). A genuine issue of material fact exists only when a reasonable factfinder could find for the nonmoving party, based on the record as a whole. The court does not weigh the evidence and it does not make credibility determinations. Instead, the court makes all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 436 (7th Cir. 2000). If a party fails to present proof on an essential element of his or her case, then all other facts become necessarily immaterial. *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 509 (7th Cir. 1999).

## III. ANALYSIS

Plaintiffs move for summary judgment on Counts V and VII, asking the court to declare that (1) the 2000 and 2001 Automobile Policies are deductible policies and (2) the deductible for the 2000 and 2001 Automobile Policies is $100,000 per occurrence, on the grounds that Defendants have judicially admitted that the policies are deductible, such that the lack of a deductible endorsement in the written policies was a mutual mistake.

Plaintiffs contend that Defendants made a judicial admission by stating that automobile liability was deductible in their Finance Agreements. Defendant's 2000 and 2001 Finance Agreements includes the following provisions:

> Insurer has issued to Insured certain insurance policies (together with any endorsements, individually and collectively the "Policies") which are set forth in Schedule A, which is attached to and made a part of this Agreement; and

> Losses incurred under the Policies are subject either to a retrospective/participating rating plan (the 'Rating Plan') an automobile liability deductible ('AL Deductible Plan') or a workers' compensation deductible ('Workers' Compensation Deductible Plan' together with the Rating Plan and the AL Deductible Plan, individually and collectively the 'Insurance Plan') as set forth in Schedule A…

The 2000 and 2001 Automobile Policies were listed under Schedule A in both 2000 and 2001 Finance Agreements as the sole automobile insurance policy. Plaintiffs argue that because the Finance Agreements state that the Policies are subject to "an automobile liability deductible", and the 2000 and 2001 Automobile Policies are the sole automobile policies under Schedule A for each year, the Defendants have admitted that the 2000 and 2001 Automobile Policies are deductible policies.

Defendants argue that the Policies, and not the Finance Agreements, incorporate the terms of the insurance programs, and thus the provision of the Finance Agreement is not controlling. The 2000 and 2001 Automobile Policies state that, "The policy contains all the agreements between you and us concerning the insurance afforded…This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy." The Policies do not contain a deductible endorsement. Defendants argue that because the Policies do not contain a deductible provision, and the Policies have noted that they are all-inclusive, the Finance Agreement provisions outside of the Policy contracts do not dictate that the policies are deductible.

At issue is whether the Finance Agreements constitute a judicial admission that the 2000 and 2001 Automobile Policies are deductible policies. A judicial admission is "any "deliberate, clear and unequivocal" statement, either written or oral, made in the course of judicial proceedings." *In re Lefkas Gen. Partners Number 1017*, 153 B.R. 804, 807 (D. Ill. 1993). In *In re Lefkas*, the court found that a written statement, deliberately written to the judge to clarify definitions, constituted a judicial admission. The Seventh Circuit states that, "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States*, 58 F.3d 1194, 1199 (7th Cir. 1995). A judicial admission is a statement of fact that has the effect of withdrawing that fact from contention. *McCaskill v. SCI Mgmt. Corp*., 298 F.3d 677 (7th Cir. 2002). "A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party." *Id*. "When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it

is generally preferable to treat that testimony as solely an evidentiary admission." *Id.*; *see also Federal Practice and Procedure* §6726, at 536-37.

In the present case, the "admission" at issue is not a formal statement deliberately addressed to the court in pleadings or stipulations, but rather is part of the Finance Agreement between the Plaintiffs and Defendants. It falls within the parameters of an evidentiary admission, rather than a judicial admission. Further, the "admission" statement does not directly refer to the 2000 and 2001 Automobile Policies, but rather refers to "Schedule A" policies, which then list policies including the 2000 and 2001 Automobile Policies. The statement in the Finance Agreements it is not sufficiently "deliberate, clear and unequivocal" to constitute a judicial admission.

Plaintiffs further contend that the absence of deductible endorsement provisions in the 2000 and 2001 Automobile Policies was a mutual mistake, which should be reformed by the court. In general, contracts, including insurance policies, are to be taken at face value, and the written agreement is presumed to express the parties' intent. *Board of Trustees of University of Illinois v. Insurance Corp. of Ireland, Ltd.*, 969 F.2d 329, 332 (7th Cir. 1992). However, in certain cases, a court may step in and reform a contract "when clear and convincing evidence compels the conclusion that the instrument as it stands does not properly reflect the true intention of the parties, and that there has been either a mutual mistake or a mistake by one party and fraud by the other." *Id*. The purpose of reformation is "to make a writing express the agreement that the parties intended it should." Id.; Restatement (Second) of Contracts, §155, comment a. Contract reformation effectively rewrites the contract, and should not be applied liberally. *Id*. In *Board of Trustees of University of Illinois v. Insurance Corp. of Ireland, Ltd.*, the Seventh

Circuit found that affidavits from both parties acknowledged mutual agreement and intent by each party to the provisions in the proposed reformation. These affidavits stating the intent at the time of contract were sufficient to render that there existed a meeting of the minds.

In the present case, Plaintiffs rely on the provision in the Finance Agreements, as detailed above, and on the fact that the 1997, 1998, and 1999 insurance programs contained a $100,000 per occurrence deductible, to show that there was a meeting of the minds on a $100,000 deductible for the 2000 and 2001 Automobile Policies. Because the Finance Agreement does not constitute a judicial admission, this court must weigh it as factual evidence. The parties have different interpretations as to whether the Finance Agreements are binding on the 2000 and 2001 Automobile Policies. Plaintiff claims that the Finance Agreements trump the Automobile Policies, as evidenced by the language in the Finance Agreements. Defendants claim that the Automobile Policies exclude the Finance Agreements, as evidenced by the language of the Policies. There is no dispute as to the existence of the relevant provisions in the Finance Agreement, but there is a factual dispute as to the interpretation and scope of the provisions. Further, the affidavits and testimonies do not give "clear and convincing" evidence that there was mutual agreement on whether the 2000 and 2001 Automobile Policies were deductible policies. In fact, the evidence presented shows that there was confusion on whether or not deductible reimbursements could be drawn for the 2000 and 2001 programs. *See* Thursday, March 16, 2006, 1:57 pm email from Martin Ridley. There is a genuine issue of material fact as to whether the 2000 and 2001 Automobile Policies are deductible policies, and this court declines to make a declaratory judgment for reformation of the deductible endorsement in the 2000 and 2001 Insurance Program at this time. Plaintiffs' motion for summary judgment as to

Counts V and VII is denied.

IV. CONCLUSION

For the foregoing reasons, summary judgment as to Counts V and VII is DENIED.

Enter:

/s/David H. Coar

_____

David H. Coar

United States District Judge

Dated: **August 13, 2007**